**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosette LLP, | No. MC-18-00066-PHX-JJT |
| Petitioner, | **ORDER** |
| v. | |
| Lula Williams, *et al.*, | |
| Respondents. | |

At issue is Respondents' "Opposition to Motion to Quash Subpoena Underlying Actions [*sic*]: Williams v. Big Picture Loans, LLC, 3:17cv461 (E.D. Va.); and Galloway v. Big Picture Loans, LLC, 3:18cv406 (E.D. Va.) and Request for Award of Attorneys Fees & Costs as Sanctions" (Doc. 8), which is in fact a motion to dismiss this miscellaneous action for lack of jurisdiction or, in the alternative, transfer this action to the Eastern District of Virginia. In response, Petitioner filed a "Reply in Support of Rosette's Motion to Quash" (Doc. 10). In this Order, the Court will also resolve Petitioner's Motion for Order *Nunc Pro Tunc* to Correct Filing Date (Doc. 7), which is unopposed by Respondents.

Petitioner initiated this miscellaneous action by filing a Motion to Quash a Subpoena, which is related to two actions pending in the United States District Court, Eastern District of Virginia: 3:17-cv-00461-REP and 3:18-cv-00406-REP. (Doc. 2.) Among other things, Respondents ask the Court to either dismiss this action for lack of jurisdiction or transfer the action to the Court in which the underlying actions are pending.

The parties disagree about whether the District of Arizona is the "court for the district where compliance is required" of the subpoena served on Petitioner, such that this

quash action is properly filed here under Federal Rules of Civil Procedure 45(d) and (e). But even if it is, Federal Rule of Civil Procedure 45(f) provides that the Court may transfer Petitioner's Motion to Quash to the Eastern District of Virginia, the Court that issued the subpoena, "if the person subject to the subpoena consents or if the [Court] finds exceptional circumstances." The Advisory Committee's note to Rule 45 states that exceptional circumstances include instances in which a transfer is "warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion." Thus, a risk of inconsistent rulings that could disrupt the management of the underlying litigation can be considered an exceptional circumstance. *See Cont'l Auto. Sys., U.S., Inc. v. Omron Auto Elecs., Inc.*, 14 C 3731m, 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014); *see also Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429-30 (N.D. Cal. 2014) (collecting cases and noting that attempting to circumvent the authority of the presiding judge in the underlying action is an exceptional circumstance contemplated by Rule 45).

One of the principal issues in the Motion to Quash is whether the defendants in the underlying actions are "arms" of a sovereign Tribe and whether Petitioner—the Tribe's counsel—can avoid responding to the subpoena through an extension of the Tribe's sovereign immunity. (Doc. 2, Mot. to Quash at 9-12.) Respondents point out that the Judge presiding over the underlying actions has already ruled that the defendants do not qualify as arms of the Tribe and cannot rely on the doctrine of sovereign immunity.

While the question of the scope of the Tribe's sovereign immunity from subpoenas—and its law firm's immunity by extension—may be distinct from the question of the defendants' sovereign immunity, the two are related in the underlying actions. Because this Court may not be able to resolve the issue of Petitioner's sovereign immunity from the subpoena without resolving questions at issue in the Eastern District of Virginia, the risk of inconsistent rulings is real. As a result, the Court finds that this is one of the exceptional circumstances contemplated by Rule 45(f) warranting transfer to the Eastern District of Virginia, the court that is presiding over the underlying actions and issued the

subpoena. *See Moon Mountain Farms*, 301 F.R.D. at 429-30; *Cont'l Auto. Sys.*, 2014 WL 2808984, at *2.

The Court could stay these proceedings and wait for the Eastern District of Virginia's final rulings—as well as any rulings on appeal—on the relevant issues. But the Court finds that any prejudice to Petitioner in having to appear in the Eastern District of Virginia in support of its Motion to Quash is minimal, because Petitioner has a law office in that District and, in any event, Respondents already filed a Motion to Compel the same subpoena in that District. The issues in the Motion to Quash are so wrapped up in the issues before the court in the Eastern District of Virginia that they are best resolved by that court.

The Court finds that an award of attorneys' fees and costs is not warranted and will therefore deny Respondents' request for that award.

Finally, Petitioner has demonstrated good cause for an Order *nunc pro tunc* to correct the filing date in this matter, and that request is unopposed by Respondents, so the Court will grant Petitioner's Motion (Doc. 7).

IT IS THEREFORE ORDERED granting Petitioner's Motion for Order *Nunc Pro Tunc* to Correct Filing Date (Doc. 7). Petitioner's Motion to Quash (Doc. 2) is deemed filed with this Court at 1:23 p.m. on December 12, 2018.

IT IS FURTHER ORDERED granting in part Respondents' "Opposition to Motion to Quash Subpoena Underlying Actions [*sic*]: Williams v. Big Picture Loans, LLC, 3:17cv461 (E.D. Va.); and Galloway v. Big Picture Loans, LLC, 3:18cv406 (E.D. Va.) and Request for Award of Attorneys Fees & Costs as Sanctions" (Doc. 8). Respondents' request to transfer this matter to the Eastern District of Virginia is granted, and Respondents' request for an award of sanctions is denied.

. . . .

. . . .

. . . .

. . . .

. . . .

1  IT IS FURTHER ORDERED that the Clerk of Court shall take all necessary steps to ensure the prompt transfer of this action to the United States District Court for the Eastern District of Virginia.

Dated this 11th day of January, 2019.

_____
Honorable John J. Tuchi
United States District Judge